SCHOOL DISTRICT No. 5 v. WM. D. COLVIN.

CONTRACT *between School District and Teacher.* A clause in a contract between a school district board and a teacher reserving the right to discharge the teacher at any time he fails to give satisfaction, is valid, and not in conflict with the last clause of section 7 of ch. 86 of the laws of 1869.

*Error from Wyandotte District Court.*

COLVIN sued the *School District* to recover $160.55 alleged to be due him on the following contract:

"It is hereby agreed by and between School District No. 5, county of Wyandotte, state of Kansas, and William D. Colvin, a legally qualified teacher, that said teacher is to take, govern and conduct the public school of said district to the best of his ability, keep a register of the daily attendance and studies of each pupil belonging to the school, and make other records as the board may require, with the report required by law, and endeavor to preserve in good condition and order the edifice, grounds, furniture, apparatus, and such other district property as may come under his immediate supervision as such teacher, for a term of six months commencing on the 9th day of September 1870. And the said school district hereby agrees to keep the school-house in good repair, to provide the necessary fuel, and school registers; and for the services of said teacher, as aforesaid shown, well and truly performed,

to pay said teacher the sum of three hundred and sixty dollars on or before the expiration of said school — the district board reserving the right to discharge the teacher at any time he fails to give satisfaction to said board. In witness whereof," etc.

The *School District* answered, that the plaintiff "failed to give satisfaction to the school board of said district, in this, that he maintained no efficient government over the school," etc., and said district board, "in accordance with the reservations in said contract and agreement contained," had discharged the plaintiff as such teacher, had duly notified him thereof, and had paid him in full for all the time taught by him. The action was tried at the October Term 1871. *Colvin* had judgment for the amount claimed, and the *School District* bring the case here.

*Bartlett & Hale*, for plaintiff in error:

1. The provision contained in § 7, ch. 86, laws of 1869, relating to the discharge of school teachers, is directory merely, and does not take away the right of the school board to discharge the teacher without the concurrent action of the county superintendent of public instruction when the district board and the teacher have so stipulated and agreed in the contract of hiring. A statute is mandatory when it prohibits certain acts to be done in any other way than that provided for in the act. Said § 7 is directory throughout. It directs that the contract shall specify the wages of the teacher per week or month, as agreed upon. The contract in this case between the parties does not state the "wages per week or month as agreed upon." This, however, does not avoid the contract, as the clause is directory merely. The contract is to be filed in the district clerk's office. This provision is also directory, and if not done avoids none of the proceedings. So the provision for the dismissing a teacher, in conjunction with the county superintendent, is directory, and may be done by the district board alone if such is the contract of the parties. Dwarris on Statutes, 221; 14 Barb., 290; 7 Ind., 144; 8 Vt., 280, 290; 32 Barb., 448, 457; 42 Barb., 623;

30 N. Y., 116; 44 N. Y., 415; 3 Bosw., 607; 2 Parsons on Cont., 800; 1 Smith's Lead. Cases, 503; 1 Story on Cont., § 623.

2. Defendant in error having consented to the agreement, and having had the full benefit thereof so long as the contract existed, cannot question its validity, but is estopped from so doing. 17 Barb., 378; 17 Wis., 372; 4 Allen, 407; 16 Mass., 102; 11 Cushing, 285; 37 Barb., 600; 21 Iowa, 590; 17 Ohio, 187; 16 B. Monroe, 5; 12 La., 638.

3. The contract is valid in all its parts, founded on a good and sufficient consideration, and no part of which contravenes any statutory provisions. It is an entirety. The conditions are dependent, and not independent. The district's proposition was, if you will keep the school six months, and give to the district board the right to discharge you when you fail to give satisfaction, we will give you $360 for the time. To this proposition defendant in error agreed, and the agreement was reduced to writing and duly signed. That part of the contract giving the district board the right of discharging the teacher whenever he failed to give satisfaction, was as much a substantial part of the consideration as the services to be rendered, and the two cannot be separated without avoiding the contract *in toto*. The consideration cannot be apportioned. 1 Story on Cont., § 459; 2 Maine, 488; 34 Howard, 54, 63; 1 Parsons on Cont., 456; 4 Denio, 121.

*Cobb & Alden,* for defendant in error:

1. The contract or agreement on which the action was founded was made and entered into under the provisions of § 7, ch. 86, Laws of 1869, and could delegate no more authority to the district board than is given them by the provisions of said ch. 86. In making said contract the district board acted as ministerial officers, whose duties and authority were specifically pointed out by said act, and they were bound to observe the limitations imposed upon them by law. There was no discretion in the officers as to the manner in which they were to act. 2 Kas., 115; 12 Iowa., 154; Dwarris on Statutes, 72.

2. Said ch. 86, laws of 1869, provides the mode in which the district board shall hire and provide teachers for the district, and also the mode by which the teacher may be dismissed for causes therein stated. But such dismissal must be "in conjunction with the county superintendent," and must be "for incompetency, cruelty, negligence or immorality." Where an affirmative statute directs a thing to be done in a certain manner, that thing shall not (even though there are no negative words) be done in any other manner. Dwarris, 72; 2 Kas., 115. In no event could the manner of dismissing the teacher be changed by the contract. Sec. 7 aforesaid was in force at the time the contract was made. The parties are presumed to know the law, and it will be held that they contracted with reference to it. 5 Kas., 17. The school district cannot take advantage of the acts of its officers in excess of their authority by declaring void that portion of said contract which it was within the scope of their authority to make; but that part of the contract without the scope of their authority *may* be disregarded and the remainder of the contract enforced. 15 Ind., 395; 25 Ind., 31; 2 Kent's Com., 468.

The opinion of the court was delivered by

KINGMAN, C. J.: The defendant in error engaged to teach a school for the plaintiff in error for six months under a written contract which contained this clause: "The district board reserving the right to discharge the teacher at any time he fails to give satisfaction to said board." Under this contract defendant in error taught the school for three-and-a-half months, and was then discharged by the board. He was paid for the time he taught, and brought his action to recover for the residue of the six months. It was proven on the trial that he failed to give satisfaction to the board and for that reason he was discharged. It was also shown that he was willing to continue for the whole term of six months, and so informed the board. The district court held that that part of the contract which gave the school-district board the right to discharge the teacher at any time he failed to give satisfaction

to the board was void, and gave him judgment for the unpaid balance for the whole time. This decision presents the only question in this case, and involves a construction of § 7 of chapter 86 of the Laws of 1869, page 181, which section is as follows:

"SEC. 7. The district board in each district shall contract with and hire qualified teachers for and in the name of the district, which contract shall be in writing, and shall specify the wages per week or month as agreed upon by the parties, and such contract shall be filed in the district clerk's office, and in conjunction with the county superintendent may dismiss for incompetency, cruelty, negligence, or immorality."

Under the last clause of this section the district board in conjunction with the county superintendent may dismiss the teacher for certain causes, no matter what the terms of the contract may be. So far it is a new feature in the law intended as a remedy for any improvidence on the part of the board in making a contract. It would be a public calamity if a teacher employed for a year should prove negligent or immoral and there was no way to rid the district of such a teacher. It was wise in such a case to make provision by law for his discharge, and it was thought wise to connect the county superintendent with the board in any such action. If all the contracts were made as the one in this case is made, there would be no necessity for such enactment. The law was made for the benefit of the district. It does not prevent the board from making any other contract with the teacher. In this case they have made one which is not prohibited either by law or public policy. No one doubts that a contract hiring a teacher might be abrogated by mutual consent. So they may stipulate in advance, as in this case, what shall put an end to the contract. That contingency arose, and the board, with the previous consent of the teacher, put an end to the contract. There seems to be no doubt but what that part of the contract was valid. The judgment is reversed and the cause remanded for further proceedings.

All the Justices concurring.