## A. LAURA ARMSTRONG V. UNION SCHOOL DISTRICT NO. 1, DICKINSON AND SALINE COUNTIES.

CONTRACT *between School District and Teacher.* A school-district board employed a school teacher, and the contract of employment contained among others the following stipulation, to wit: "And provided further, that if by the inability or neglect of the said A. (the school teacher) the interests of the school shall suffer, the district board shall have full power to annul this contract, after one month's written notice." *Held,* That such a stipulation is valid, and that under it and in accordance with its provisions, the school-district board may alone, without any formal trial, and not in conjunction with the county superintendent, dismiss the school teacher for incompetency and negligence, from which the interests of the school suffer, notwithstanding the provisions of § 24 of article 4 of the school laws. (Comp. Laws of 1879, p. 830.)

*Error from Dickinson District Court.*

ACTION was brought by *A. Laura Armstrong* against *Union School District No. 1, Dickinson and Saline Counties,* for damages alleged to have been caused by the defendant's illegal dismissal of the plaintiff as a school teacher of said Union school district. The action was begun before a justice of the peace, and after trial and judgment was appealed to the district court, where it was tried by the court without a jury. The court made special findings, and stated its findings of fact separately from its conclusions of law. The findings were in favor of the defendant and against the plaintiff, and judgment was rendered accordingly at the November Term, 1881. The plaintiff brings the case here. The contract between the plaintiff and the defendant reads as follows:

"It is hereby agreed by and between Union school district No. 1, Dickinson and Saline counties, and state of Kansas, and Miss A. Laura Armstrong, a legally qualified teacher, that said teacher is to teach, govern and conduct the primary department of the public schools of said district to the best of her ability, keep a register of the daily attendance and studies of each pupil belonging to the school, and such other records as the district board may require, make the report required by law, and such other reports as may be desired by the county superintendent of public instruction, and endeavor to preserve in good condition and order the school house, grounds, furniture, apparatus and such other district property as may come under the immediate supervision of said teacher, for a term of nine months, commencing on the 6th day of September, 1880, for the sum of thirty dollars per school month at the end of each month during a term of nine school months; commencing on the 6th day of September, 1880: provided, that in case said teacher shall be legally dismissed from school, or shall have her certificate legally annulled by expiration or otherwise, then said teacher shall not be entitled to compensation from and after said dismissal or annulment; provided further, that the wages of said teacher for the last month of the school term shall not be paid unless said teacher shall have made the report hereinbefore mentioned; and provided further, that if by the inability or neglect of the said Armstrong the interests of the school shall

suffer, the district board shall have full power to annul this contract after one month's written notice.

"In witness whereof, we have hereunto subscribed our names, this 6th day of September, 1880.

"O. F. SEARLE, *Director.*
"A. LAURA ARMSTRONG, *Teacher.*
"Attest: JAS. H. SHERMAN, *Clerk.*"

The findings made by the district court read as follows:

"1. That on the 6th day of September, 1880, the plaintiff and defendant entered into the contract attached to the plaintiff's bill of particulars.

"2. Under said contract plaintiff taught the primary department of the public school of said district, until and including the 4th day of April, 1881, and then stopped under the circumstances hereinafter mentioned.

"3. That upon the 5th day of March, 1881, the clerk, by direction of the district board, gave the plaintiff notice in writing that her services as teacher would not be wanted from and after the 1st day of April, 1881.

"4. That upon said 5th day of March, 1881, the said board called the plaintiff before them, and when present before them she was notified that a good many complaints had been made against her as a teacher; that she was accused of crocheting, and also writing letters too much during school hours; that they did not wish to act in the matter, and that she had better resign; that she then refused so to do; that thereupon it was ordered by said board that the notice mentioned before be given.

"5. That on the 4th day of April, 1881, said board summoned said plaintiff and notified her that they had annulled said contract, and demanded that she give up the key to the school room. She refused to do so, and said she was willing to continue under her contract; that the said board thereupon compelled her to give up said key, and upon the 5th day of April, 1881, placed Mrs. Mendell in charge of said primary department and paid the plaintiff the amount due her upon her contract up to the day she was discharged.

"6. That the defendant annulled said contract, as stated before, upon facts within their own knowledge, and upon the complaints made by the parents of the scholars in the primary department.

"7. That upon such knowledge and complaints the defendant, before annulling said contract, *bona fide* believed and

found that the interests of said school were suffering by reason of the neglect and inability upon the part of plaintiff.

"8. There was no hearing or trial other than as stated in the findings.

"9. That the interest of said school was suffering from neglect and inability on the part of said plaintiff at the time and for some time prior to the giving of said notice, and up to the time of her discharge.

"The court further finds as conclusions of law from the foregoing findings of fact:

"1. That the plaintiff is not entitled to recover upon the cause of action set out in her bill of particulars.

"2. That the said defendant had the right to discharge her and to annul said contract."

The school-district record contains, among other things, the following:

"SOLOMON, March 5, 1881.

"Meeting of school board at office of director Lyman Field. Miss A. Laura Armstrong exhibited first-grade certificate, which was approved by the board. Complaint was made that the primary department was not being conducted in a satisfactory manner, but no specific charges were made. It was moved and carried that notice be served upon Miss Armstrong that her services as teacher would no longer be required. Adjourned. JAMES H. SHERMAN, *Clerk.*"

Section 24 of article 4 of the school laws reads as follows:

"SEC. 24. The district board in each district shall contract with and hire qualified teachers for and in the name of the district, which contract shall be in writing, and shall specify the wages per week or month, as agreed upon by the parties, and such contract shall be filed in the district clerk's office; and in conjunction with the county superintendent, may dismiss for incompetency, cruelty, negligence, or immorality." (Comp. Laws of 1879, p. 830.)

*L. B. Rogers,* and *A. B. Jetmore,* for plaintiff in error.

*McClure & Humphrey* and *O. L. Moore,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: It is admitted by counsel for both parties that the only substantial question involved in this case is,

whether the plaintiff, A. Laura Armstrong, was legally dismissed as a school teacher from the public school held in Union school district No. 1, Dickinson and Saline counties, Kansas. She was employed as a school teacher by such school district on September 6, 1880, and immediately entered upon the discharge of her duties as such school teacher. The contract of employment was such as is generally used in the employment of a teacher, except that it contained the following proviso, to wit:

"And provided further, that if by the inability or neglect of the said Armstrong the interests of the school shall suffer, the district board shall have full power to annul this contract, after one month's written notice."

Section 24 of article 4 of the school law provides, among other things, that the school-district board, "in conjunction with the county superintendent, may dismiss for incompetency, cruelty, negligence, or immorality," any school teacher of the district. The plaintiff continued to teach in said school district up to April 4, 1881, when the school board finally dismissed and discharged her, on the ground of inability and neglect. This was done in pursuance of a written notice previously given to her and served upon her, March 5, 1881.

The defendant claims that this dismissal was legal and valid under the proviso of the contract between the parties; while the plaintiff claims that the dismissal was illegal and void under the statute. She claims that notwithstanding the contract, she could be dismissed only after a formal trial had before the school-district board, acting in conjunction with the county superintendent of public instruction. She therefore claims that the dismissal was illegal and void for two reasons: *First*, because she did not have a formal trial; *second*, because the school-district board in dismissing her did not act in conjunction with the county superintendent.

Counsel for plaintiff claim that the words "inability" and "neglect," found in the contract, mean the same as the words "incompetency" and "negligence," found in the statute. In this they are probably correct. But they further claim that

the proviso of the contract means the same as the statute; and in this, we would think, they are not correct. The proviso prescribes, substantially, that the school-district board alone shall have full power to annul the contract, while the statute provides that the district board must act in conjunction with the county superintendent, in dismissing a teacher.

We suppose, however, that counsel would claim that if the proviso differs in any respect from the statute, that the proviso is to that extent void. As authority for the claim that before the plaintiff could legally have been dismissed from the school, there must have been a formal trial for the determination as to whether she was incompetent, or not, or whether she had been guilty of any negligence, or not, affecting injuriously the best interests of the school district, counsel cite the following authorities: *Murdock v. Phillips Academy,* 29 Mass. (12 Pick.) 244, 262, *et seq.; Searmont v. Farwell,* 3 Greenl. (Me.) 450; *Morley v. Power,* (Sup. Ct. of Tenn.,) 12 Cent. L. J. 540. See also the cases of *Neville v. School Directors,* 36 Ill. 71; *Wilson v. Board of Education,* 63 Mo. 137. But these last two cases would seem to be rather against the views of counsel than in their favor. Also see the case of *The State of Tennessee, ex. rel., v. John Leonard,* 3 Cooper, (Tenn. Chancery,) 177.

If the contract in this case had been silent with reference to the dismissal of the plaintiff for inability or neglect, and if the question as to her incompetency or negligence had been submitted to a tribunal consisting of the school-district board and the county superintendent, as provided by the statute, then as to whether the mode of procedure in the trial and determination of such question should have been such as is usually practiced by courts of justice, we think it is unnecessary to decide, because that is not this case; and as to whether the determination of such tribunal with reference to the question of the plaintiff's incompetency or negligence would have been in the nature of a judicial determination and conclusive between the parties, we think it unnecessary in this case to express an opinion. The case was not so submitted and was

not so tried; but it was submitted, tried and determined wholly under the contract between the parties, and did not have reference to the statute. The only substantial question, then, to be determined, is really whether the proviso contained in the contract between the parties, with reference to annulling the contract for inability or neglect on the part of the plaintiff, affecting injuriously the interests of the school district, is valid or not. We think the proviso is valid. This question has been substantially decided in the case of *School District v. Colvin*, 10 Kas. 283. At the time that the facts occurred upon which that case arose, the same statute was in force which is now in force; and the contract in that case between the school-district board and the teacher contained a stipulation reserving to the district board the right to discharge the teacher at any time when he should fail to give satisfaction to the board. In that case it was held that the stipulation was valid, and that under the stipulation the school-district board had a right to discharge the teacher whenever he did not give satisfaction to the school-district board, in accordance with his contract. The object of the statute was simply to provide that the school district should not so bind itself by contract that a school teacher could not be discharged at any time by the school board, acting in conjunction with the county superintendent, for incompetency, cruelty, negligence, or immorality; and it was not intended to prohibit the school board from making other provisions for the dismissal or the discharge of an incompetent, cruel, negligent or immoral teacher. The object of the statute was simply to furnish additional protection and safeguards to the efficiency and best interests of the public schools of the state, and it was not intended to take away any of the power of the school-district boards to make contracts, which might also be for the protection of the best interests of the public schools. The object of the statute was not to take away such power as the school-district board already had to discharge school teachers, but it was to confer upon the board, in connection with the county superintendent, other and additional powers.

We think the plaintiff in the present case was discharged in accordance with the contract. She was allowed to teach one month after being notified in writing that the school board did not desire her services any longer; and she was paid for teaching, up to the time that she was finally discharged.

As to the mode of procedure by the school board in coming to a determination whether it would discharge the plaintiff, or not, under the contract we think it had an almost unlimited discretion. Neither the contract nor the statute provides what the mode of procedure should be in such cases. Of course the decision of the school board against the plaintiff is not final. If the plaintiff had been a competent teacher, and not negligent in the performance of her duties, and if for that reason the dismissal had been unauthorized by the contract between the parties, then the school district would have been liable, and the plaintiff might have recovered for the full term for which she was employed. The facts whether the plaintiff was competent, or not, and whether she was negligent, or not, and whether the interests of the school district suffered, or not, from her incompetency and negligence, were questions of fact to be tried by the trial court in the trial of the case. These questions were fairly submitted to the court, and with reference to them the court found against the plaintiff, and in favor of the defendant. We have not the evidence before us, and we cannot, of course, tell whether the court decided correctly or not; but presumably the decision of the court upon the evidence is correct.

This is substantially all there is in the case. Counsel for plaintiff suggest some other questions; but having decided the main questions involved in the case as we have, and under the circumstances of the case, we do not think that it is necessary to comment upon them.

The judgment of the court below will be affirmed.

BREWER, J., concurring.

HORTON, C. J., dissenting.