## CONSOLIDATED SCHOOL DIST. NO. 2, CLEVELAND COUNTY, v. CROWDER.

No. 14849—Opinion Filed May 5, 1925.

### Schools and School Districts — Removal of Teachers—Causes—Statutes.

In the absence of an express agreement in a contract, entered into by a school board and a teacher, authorizing the board to remove the teacher for causes other than those expressed in the statute, and in such manner as the contract may provide, the board cannot remove the teacher except by acting in conjunction with the county superintendent, as provided by section 10367, Comp. St. 1921.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Cleveland County; Geo. Allen, Judge.

Action by Ella Crowder against Consolidated School District No. 2, Cleveland County. Judgment for plaintiff, and defendant appeals. Affirmed.

Ben F. Williams and John E. Luttrell, for plaintiff in error.

Thos. W. Mayfield, for defendant in error.

Opinion by JONES, C. This action was instituted by the defendant in error, as plaintiff, in the county court of Cleveland county, Okla., against the plaintiff in error, as de-

fendant, to recover the sum of $400, which plaintiff alleges was due her under a written contract of employment as a school teacher for the defendant, school district No. 2, Cleveland county, state of Oklahoma.

Plaintiff alleges that she was employed to teach the school for a term of nine months at a salary of $1,200 for the term, and that after having taught six months she was arbitrarily discharged by the school board without legal cause or authority; that she has at all times been willing, ready, and able to perform her duty, and to have taught the remainder of the term, and that she is entitled to recover the sum sued for.

The defendant answered by a general denial, and on the trial of the case to the court and jury a verdict was returned in favor of the plaintiff for the sum sued for, from which judgment the appellant prosecutes this appeal, and assigns as error the giving of certain instructions by the court to the jury, and in their brief call attention to instruction No. 6, wherein the jury was instructed:

"That to constitute a legal discharge said discharge would have to be made by the school board acting in conjunction with the county superintendent."

And the appellant contends that this mode of discharging a teacher, as provided by section 10367, Comp. St. 1921, is not the exclusive method by which a school board may discharge a teacher, and contends that the appellee was derelict in her duty as teacher and violated certain terms and provisions of the contract under which she was employed, other than the specific reason or conditions set forth in the statute, to wit, "incompetency, cruelty, negligence, and immorality," which authorize removal by the school board, and cites in support of this contention, School District v. Colvin, 10 Kan. 283, wherein the Supreme Court of Kansas held that the board and teacher might enter into a contract specifying other conditions which would authorize the removal or discharge, other than the specific grounds set forth in the statutes. And from an examination of the Kansas case, we find that the contract involved contained the following clause:

"The district board reserves the right to discharge the teacher at any time he fails to give satisfaction to said board."

And the court upheld the provision and held that the teacher and the school board might enter into a contract providing for the discharge of the teacher for reasons or upon grounds other than that set forth in the statute, and we think this a reasonable

rule of law, but we find no such provision in the contract involved in this controversy. The only provision contained relative to the discharge of the teacher is:

"Such contract shall be binding upon such teacher until he has been legally discharged therefrom according to law or relieved therefrom by such district board in regular session."

And no agreement is contained in the contract authorizing the board to discharge the teacher except according to law. The record discloses in this case that some disagreement or dissatisfaction arose between the appellee, Miss Crowder, and a Mr. Lott, who we assume from the record was principal of the school, and the proof offered tends to show a lack of harmony between the appellee and the principal, Lott, and that on one occasion, the attention of the county superintendent having been called to the condition of affairs, there was a meeting of the board in conjunction with the county superintendent, Mr. Clark, but no definite conclusion was reached, and no action was taken looking to the discharge of the appellee at that time. At a later date the board, acting alone, discharged the appellee without conferring with the county superintendent, who at that time was Miss Maude Northcutt, W. R. Clark having resigned his position subsequent to the meeting had by the board in conjunction with the county superintendent, and prior to the date of the discharge of Miss Crowder, appellee. We are inclined to the opinion that the action of the board was without authority of law for the reason the contract contained no specific provisions authorizing the discharge of the teacher, except for the reason contained in the statute, and in the manner provided by the statute. No specific charge is either alleged or proven which would authorize the removal of the appellee under the terms and conditions of the statute, and hence we find no error in the instructions given and complained of; there was nothing pleaded or proven that would have authorized the giving of a different instruction, and we therefore recommend that the case be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 1092.