No. 33,168.

FAIRE VORAN, *Appellant*, v. THE RURAL HIGH SCHOOL DISTRICT No. JOINT A, Pawnee Rock, and THE BOARD OF EDUCATION OF THE CITY OF PAWNEE ROCK, *Appellee*.

(65 P. 2d 340).

Opinion filed March 6, 1937.

· *W. A. ·Huxman,* of Hutchinson, and *Herbert Diets,* of Great Bend, for the appellant.

*R. C. Russell,* of Great Bend, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this action was taken by the plaintiff, a schoolteacher, from the ruling of the trial court in rendering a judgment in her favor for only $80 instead of $720, the amount for which she sued the defendant school-district board on her contract to teach in said schools for nine months at $80 per month, which contract she alleged was annulled or canceled by the board and she was unable to secure another school.

The plaintiff attached to her petition a copy of the written contract executed by her and the board on which she based her action. The defendant board in its answer admitted the execution of the contract of employment but denied any breach thereof on its part, and alleged that the failure and neglect of the plaintiff to comply with the terms and conditions thereof was the only breach, if any, in said agreement, and that the defendant was compelled to employ another to teach in her place on that account. The case was tried by the court without a jury with the result above mentioned.

The appellant makes three assignments of error, stated in the form of questions, as follows:

"First. Was the appellant, holding a second-grade certificate, qualified to teach the seventh and eighth grades?

"Second. Did the notice dated August 26 constitute an annulment of the contract?

"Third. Will the '30-day notice to cancel' clause in the contract permit cancellation of the contract without cause?"

The first question is fully discussed in the briefs, but the trial court did not consider it as vital to the determination of the issues involved. Before the board could make a valid contract with the plaintiff she must have been a qualified teacher as prescribed by statute (G. S. 1935, 72-1026; *Buchanan v. School District,* 143 Kan. 417, 54 P. 2d 930). There is no question as to her being the holder of a second-grade certificate, which is sufficient in elementary schools (G. S. 1935, 72-1326). The contract also mentions the fact that she is the holder of a legal certificate. This would, under the statute, authorize her to teach in the seventh and eighth grades, but the argument is made by defendant that later, when the seventh and eighth grades were placed by the board in a junior-high-school divi-

sion of the district, a higher grade certificate would be required, and appellant argues that the junior high school could not become accredited for a year. These were the contentions as to her qualification or disqualification to teach under such circumstances. The trial court passed this question as being unnecessary of determination because of a special provision in the contract, after finding that all parties had acted in good faith.

The second and third questions involved, as stated by the appellant, concern the notice to annul the contract and the right of the defendant board to cancel the contract on thirty days' notice. These questions will be considered together. The contract contained the following paragraph:

*"Provided further,* That this contract may be annulled by either party on thirty days' written notice to the other party, such written notice to be given by the board of education through the superintendent of schools to the teacher, or by the teacher to the board of education through the superintendent of schools."

Under the provisions of this section of the contract either party could have annulled the contract on thirty days' written notice to the other party. This may be, and perhaps is, an unusual provision in such a contract, but there is no statute or decision cited forbidding it to be made, and the plaintiff acquiesced in it and reserved to herself an equal privilege. Appellant urges that it is not in accord with the provisions of G. S. 1935, 72-1026, which concludes as follows, after specifying the requirements in making a contract with a qualified teacher:

". . . and, in conjunction with the county superintendent, may dismiss for incompetency, cruelty, negligence, or immorality."

Appellant insists that there can be no dismissal of a qualified teacher, with whom a valid contract has been made, except for the four imperfections named in the above quotation, and only then in conjunction with the county superintendent. The inserting in the contract of the privilege of either party to annul the same on thirty days' notice does not in any way prevent or interfere with the action to dismiss the teacher for these four imperfections when such action is taken by the board in conjunction with the county superintendent. Ordinarily the teacher does not have under the contract the privilege of terminating it even for cause, but here the plaintiff specifically reserved that privilege if she desired to use it.

It is argued that an option to cancel a contract impliedly nullifies

it for the remaining period. We do not think so. Many important business contracts contain similar provisions, but mostly with appropriate modifications.

"A clause in a contract between a school-district board and a teacher, reserving the right to discharge the teacher at any time he fails to give satisfaction, is valid, and not in conflict with the last clause of section 7, chapter 86, Laws 1869." (*School District v. Colvin,* 10 Kan. 283. See, also, *Armstrong v. School District,* 28 Kan. 345.)

Appellant insists that the notice given by the superintendent of the school was not sufficient as a notice, even for that required by the provision in the contract, for the reason that it contained conditions and modifications as to her further qualifying herself by completing the eight hours of study she lacked for a first-grade certificate and about the employment of a substitute only temporarily so as to give the place to the plaintiff if she should further qualify herself. This does not prevent the notice being one of annulment, but simply shows a desire to reëmploy the teacher at a later period.

Appellant cites *Parrick v. School District,* 100 Kan. 569, 164 Pac. 1172, where it was held that—

"The statute governing the dismissal of a teacher for negligence requires the concurrence of the county superintendent, without which a dismissal of the teacher by the board does not relieve the school district from liability to the teacher under the contract of employment." (Syl. ¶ 3.)

A reading of that case shows that the contract contained no provision like that contained in the case here under consideration.

There is another short paragraph in the contract between these parties which helps to show that the matter of dismissal was fully under consideration in that it provided for the payment of limited salary under such circumstances. It is as follows:

"That in case said teacher shall be dismissed from school or shall have her certificate annulled, by expiration or otherwise, then said teacher shall not be entitled to compensation from and after such dismissal or annulment. . . ."

We agree with the trial court that the contract provided for annulment on thirty days' notice given by either party and that a sufficient notice was given the plaintiff, and therefore she was not entitled to compensation under the contract for more than thirty days.

The judgment is affirmed.