## CONSOLIDATED SCHOOL DIST. NO. 4, BRYAN COUNTY, v. MILLIS.

No. 30836. April 6, 1943.

Rehearing Denied July 6, 1943.

*139 P. 2d 183.*

C. C. Hatchett, of Durant, for plaintiff in error.

Utterback & Utterback, of Durant, for defendant in error.

RILEY, J. Defendant in error obtained a judgment against plaintiff in error for salary as teacher for the nine months beginning September 4, 1939, less certain credits.

The parties will be referred to as in the trial court.

The basis of plaintiff's claim is that she was regularly employed as a teacher in said district for the nine months as evidenced by written contract, a copy of which was attached to her petition; that after teaching eight days, for which she was paid, she pleads that she was wrongfully and unlawfully discharged; that notwithstanding such wrongful discharge, she continued to present herself, prepared, ready, able, and willing to carry out all the terms of her contract, but was not permitted to do so; that she endeavored to obtain other employment but was unable to do so, except as a substitute teacher in another school for five days, for which she was paid $11.50.

The defendant school pleaded that at the opening of the school the superintendent of schools assigned, as he was authorized to do, the plaintiff to teach the fourth and fifth grades; that plaintiff agreed to the assignment and entered upon the discharge of her duties for about four days, but that she, without authority or consent, peremptorily took charge of the seventh grade and advised that she would teach only that grade; that after consultation with the county superintendent, the defendant endeavored to persuade plaintiff to perform her duties as teacher of the fourth and fifth grades, which she declined and refused to do, and that by reason of failure of plaintiff to observe the rules and regulations of the district board, the dismissal of plaintiff was entered.

The cause was tried to a jury under an instruction submitting the issue as to whether plaintiff had refused to teach the fourth and fifth grades, and a judgment was entered upon the verdict favorable to plaintiff in the sum of $891.50.

The defendant appeals, contending the evidence is insufficient to authorize a judgment in plaintiff's behalf, and assigns as its first proposition the error of the trial court in refusing to sustain defendant's demurrer to plaintiff's evidence and instruct a verdict for defendant.

The defendant is a consolidated district and is governed with respect to the employment of teachers by section 6814, O. S. 1931 (70 O. S. 1941 § 117), which provides in substance that such employment shall be by contract in writing and that:

"The board, in conjunction with such superintendent, may dismiss such teacher or teachers for incompetency, cruelty, negligence or immorality."

No form of contract is provided by the statute, but this court in Consolidated School District No. 20 v. Crowder, 111 Okla. 125, 238 P. 405, held that the contract may lawfully provide additional grounds for dismissal. School District v. Colvin, 10 Kan. 283.

The contract involved in the case at bar specifically provides that plaintiff " . . . agrees in all things to observe the rules and regulations of the district board . . . "

It was upon this provision of the contract that the defendant contended plaintiff breached the contract in that, by failure to teach as directed, she failed and refused to observe the rules and regulations of the district board.

The plaintiff in her brief on appeal, in an endeavor to sustain the judgment, says that no evidence was introduced that in any way tended to change or vary the terms of the written contract, and that it was established beyond question that this plaintiff was employed with the distinct understanding that she would be assigned to teach the seventh grade.

Nowhere in the contract is it provided that plaintiff was to teach the seventh grade, although it is true that she taught that grade in the school for the prior year, and it is likely that she understood and desired to teach that grade for the succeeding year. To the contrary, the contract provided that plaintiff was "to teach all branches required by law."

The contract also provides:

" . . . that in case said teacher shall be legally dismissed from school . . . then said teacher shall not be entitled to compensation from and after dismissal . . ."

The uncontradicted evidence is that plaintiff was first employed as a teacher shortly after the beginning of the term of 1938; that she taught the balance of that term in the seventh grade; that the contract for the term beginning September 4, 1939, was executed August 8, 1939; that neither contract specified the grade plaintiff should teach; that on Thursday before the term began, the superintendent called upon plaintiff and informed her that it was his desire that she should teach the ensuing term in the fourth and fifth grades; that plaintiff protested and told

him she did not want to do that; that on Saturday, before school was to commence on the following Monday, a meeting of the school faculty was held, at which time the superintendent announced the assignments of the teachers to the respective grades and positions; the plaintiff was assigned to the fourth and fifth grades; plaintiff objected, and when the superintendent insisted that plaintiff should take the fourth and fifth grades, she went to the school board about the matter; that when school opened, plaintiff, instead of going to the fourth and fifth grade room, and without authority or direction from the superintendent, and in violation of the assignment, went to the seventh grade room and took charge and worked for about an hour enrolling pupils in that grade; another teacher had been assigned to that room, but when plaintiff entered and insisted on taking charge of that grade, the other teacher left the room; that on Tuesday, at the direction of the superintendent, and after consultation with the board members, plaintiff went to the fourth and fifth grade room and taught there until and including the following Monday; in the meantime the matter was taken up with the county superintendent; the school superintendent endeavored to induce plaintiff to abide by the decision of the county superintendent. This she refused to do. On Tuesday of the second week, without authority or direction from the superintendent, plaintiff again went to the seventh grade room, took charge, and insisted on teaching that grade, claiming all the time that her contract called for the seventh grade; she remained in that room that day and the next; on Thursday plaintiff went with the 4-H Club to "put up some exhibits at the county fair." In the meantime the school board met and two of the members signed a notice of dismissal, which was presented to and approved by the county superintendent on September 13, 1939, and served upon the plaintiff. Plaintiff testified that after receiving the dismissal she went back to the board and told them she was ready to come back and teach at any time. But on cross-examination she testified:

"Q. After you received this notice of dismissal, dated September 13, 1939, did you ever go to any member of the school board and tell them you would take the fourth and fifth grades and teach it? A. I told them I was ready to carry out my contract at any time. Q. And you insisted that your contract was for the seventh grade? A. Yes, sir. Q. Did you ever come back after you received this notice and tell them that you would teach the fourth and fifth grades? A. I told them I was ready to fulfill my contract at any time. Q. You meant to teach the seventh grade? A. Yes."

It thus appears that at all times plaintiff was insisting that her contract was that she should teach in the seventh grade and that she was unwilling to teach in the fourth and fifth grades, and that contrary to the direction of the superintendent and without his consent she twice undertook to take charge of and conduct the seventh grade work and supplant another teacher who had been regularly assigned to that grade. Her own testimony, as quoted above, clearly shows that she was willing to return and teach only under the terms of her contract as interpreted by her and which she insisted called for her services in the seventh grade. She never did present herself and offer to teach in the position assigned to her by the superintendent; her conduct, according to her own testimony and the uncontradicted testimony of other witnesses, was a direct violation of her agreement to observe the rules and regulations of the district board.

The conduct of plaintiff as shown by her own testimony and other uncontradicted evidence was such as to amount to plain neglect of duty, and justified her dismissal with the approval of the superintendent. Section 6814, supra.

In the absence of a statutory restriction upon a board of education to transfer a teacher from one class or grade to another, the board has discretionary power to assign, reassign, and transfer.

690

56 C. J. 397-8; Loehr v. Board of Education, 12 Cal. A. 671, 108 P. 325.

The rules of law relating to performance and breach of contracts generally apply to contracts between teachers and school authorities. 56 C. J. 396.

The instruction for a directed verdict for defendant should have been given. This renders it unnecessary to consider the other assignments of error.

The judgment is reversed and the cause is remanded, with directions to enter judgment for the defendant.

GIBSON, V.C.J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. CORN, C.J., and WELCH and DAVISON, JJ., dissent.

---

WELCH, J. (dissenting). I think the judgment should be affirmed. A fact question was involved. A verdict was returned by the jury and approved by the trial court; and upon consideration of the entire record I cannot say there was complete lack of evidence to sustain the fact findings.

I am authorized to say that Chief Justice CORN concurs in this view.