GEORGE GROENMILLER *et al.* v. JACOB KAUB.
No. 13,263.   ( 73 Pac. 100.)

Error from Franklin district court; C. A. SMART, judge. Opinion filed July 10, 1903. Reversed.

*Gamble & Costigan,* for plaintiffs in error.
*H. A. Richards,* for defendant in error.

*Per Curiam:* This action was brought in justice's court by George Groenmiller against Jacob Kaub to recover damages alleged to have been sustained by plaintiff in consequence of a trespass committed by the chickens of defendant upon the real estate of plaintiff. At a trial in justice's court, it developed that Mahlon Groenmiller, a son of plaintiff, was joint owner and user of the premises with his father. The bill of particulars was amended, making him coplaintiff with his father, and judgment was obtained in justice's court in favor of plaintiffs in the sum of $50 and costs. Defendant appealed to the district court. Upon a trial in the district court, at the conclusion of the evidence of plaintiff, a demurrer was interposed by defendant upon the following grounds, as shown by the record: ( 1 ) That the evidence did not show a cause of action, and ( 2 ) that it showed a misjoinder of parties plaintiff.

Pending decision of this demurrer, plaintiffs asked and obtained leave to amend their bill of particulars, increasing the amount of damages claimed to the sum of $101. To the making of this amendment there was no objection. Thereupon the court sustained the demurrer to the evidence and entered judgment in favor of defendant for costs. Plaintiffs bring error.

The evidence is not in the record. It is recited in the record: "And thereafter, at the regular January term of said court for the year 1902, this cause came on for trial, and the plaintiffs introduced evidence tending to prove all the allegations of their bill of particulars and to show that the amount of damages they had sustained by reason of the facts in said bill of particulars alleged amounted to not less than $101."

It is further recited in the record that both father and son testified that the son was joint owner, with the father, of the premises alleged to have been damaged, and jointly interested in the use thereof; that before the action was commenced the son had transferred his claim for damages to the father, without consideration, and was not interested in the subject-matter of the action. It is further stated in the record that "no further or other evidence was offered by either party in this action."

In this condition of the record, was the demurrer to the evidence properly sustained? It is insisted that the ruling was correct, because the evidence showed a misjoinder of parties plaintiff. This, however, if true, would not justify the sustaining of a demurrer to the evidence and the entry of judgment in favor of defendant. Such defect cannot be reached by a demurrer to the evidence.

Again, it is contended that as the action was brought in justice's court to recover damages for trespass upon real property, $100 was the limit of the justice's jurisdiction, and in consequence the amendment in district court increasing the damages claimed to $101 deprived the district court of jurisdiction, as the case was appealed to that court from the justice's court.

As stated, no objection was interposed to the making of the amendment. The question now sought to be raised was not presented to the district court, but is first attempted to be raised in this court. The demurrer to the evidence did not bring this question before the trial court. No objection having been made to the amendment in the justice's court, and the question now sought to be raised not having been presented to the district court, it cannot now be relied upon to support the ruling made. (*Mo. Pac. Rly. Co. v. Lea*, 47 Kan. 268, 27 Pac. 987; *Telegraph Co. v. Moyle*, 51 id. 203, 32 Pac. 895.)

In the present condition of the record, the ruling upon the demurrer to the evidence was error requiring a reversal.