SCHOOL DISTRICT NO. 94, GRANT COUNTY, v. NELLIE GAUTIER.

(Filed September 10, 1903.)

1. JURISDICTION—Waiver of. In a case where the district court has original jurisdiction of the subject-matter, and the case comes into said court improperly by appeal, and both parties appear, file pleadings, and go to trial without objections, the question of jurisdiction as to the manner of getting into court is waived, and such objection will not be heard for the first time in the supreme court.

2. SCHOOL BOARD—Authority of. Notwithstanding the statute authorizes the board of a school district, in conjunction with the county superintendent, to dismiss teachers for incompetency, cruelty, negligence or immorality, such remedy is not exclusive, and the school board may contract with the teacher, giving the board authority to remove the teacher for these or other causes, and in such manner as the contract may provide.

3. SAME—Removal of Teacher—How Exercised. A school board having authority to dismiss a teacher, cannot arbitrarily exercise such power for personal reasons, or without sufficient grounds affecting the teacher's efficiency and usefulness. The board is required to act with discretion and judgment, and take all necessary steps to inform themselves, before proceeding to discharge a teacher for cause.

4. SAME—Removal of Teacher—Actions not Final, When. The action of a school board, when authorized, in discharging a teacher, is not final or conclusive, and in a suit by the teacher to recover for the residue of the term, the question of sufficient grounds having existed to warrant the teacher's discharge, is one to be determined by the court or jury trying the case.

5. PERSONAL SERVICES—School Teacher May not Recover Attorney's Fee. Under a statute authorizing an attorney's fee to be taxed for plaintiff's attorney in actions by laborers, clerks, servants, nurses or other persons for personal services, a school teacher is not entitled to recover such attorney's fee in a suit for

wages as teacher. The statute is intended to favor persons performing manual labor or menial services, and does not embrace professional services.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before John L. McAtee, Trial Judge.*

*W. H. C. Taylor,* for plaintiff in error.

*Mackey & Simons,* for defendant in error.

### STATEMENT OF FACTS.

This is an action to recover for breach of contract, by a discharged school teacher against the school district. The defendant in error, Nellie Gautier, was a duly licensed school teacher, and on August 20, 1900, entered into a written contract with the plaintiff in error, which contract is as follows:

### "TEACHER'S CONTRACT.

"It is hereby agreed by and between school district No. 94, county of Grant, Territory of Oklahoma, and Nellie Gautier, the holder of a second grade certificate, this day in force, that said teacher is to teach, govern and conduct the public school of the said district to the best of her ability. follow the course of study adopted by the district board, keep a daily register of the attendance and studies of each pupil belonging to the school, make all reports required by law, and such other reports as may be desired by the county superintendent of public instruction, and endeavor to preserve in good condition and order the school house, grounds, furniture, apparatus, library, and such other property as may come under the immediate supervision of said teacher for term of one school month commencing on the 17th day of September, A. D. 1900, for the sum of thirty-five dollars per

school month, to be paid at the end of each month.    Provided: That in case said teacher shall be legally dismissed from said school, or shall have her certificate legally annulled by expiration or otherwise, then said teacher shall not be entitled to compensation from and after such dismissal or annullment.    Provided, further, that the wages of said teacher for the last month of school term shall not be paid until such teacher shall have made the report hereinbefore mentioned.

"And the school district hereby agrees to keep the school house in good repair, and to provide the necessary fuel, school register and other supplies as may be necessary.

"In witness whereof we have hereunto subscribed our names this 20th day of August, A. D. 1900.

"It is hereby further agreed by and between school district No. 94, Grant county, O. T., and Nellie Gautier, that if at the expiration of one month said Nellie Gautier has given satisfaction as a teacher to the majority of the members of the district board, the said Nellie Gautier may continue teaching for a period of six months longer, with the distinct understanding that at any time during the six months said Nellie Gautier fails to give satisfaction as a teacher to a majority of the members of the school board of district No. 94, then said Nellie Gautier shall hand in her resignation to said school board, or said school board may dismiss her.

"S. F. CONES,

"T. L. MANN,

"NELLIE GAUTIER,

"Teacher."

Under the provisions of this contract the teacher began teaching the school at the time designated, and taught five months.    Just prior to the expiration of the fifth month,

the director of district No. 94 informed her that her teaching was not satisfactory to the school board, and requested her resignation. She failing to resign on the last day of the fifth month, she was served with the following written notice:

"Lamont, Feb. 1st, 1901.

"Miss Nellie Gautier, Teacher School District No. 94, Grant Co., Okla.:

"The agreement between the school board of school district No. 94, Grant Co., Okla., and yourself was that at any time after the expiration of one month, when a majority of said school board were dissatisfied with your government and teaching of the school, and they notified you of said dissatisfaction, the school should close; therefore, we hereby notify you that the dissatisfaction in the district is general, as evidenced by the many complaints made by the patrons of the school to us, and that you cannot teach or draw wages for teaching from this date.

"J. M. SMITH, Director.
"S. F. CONES, Clerk.
"L. MANN, Treasurer."

On receipt of this notice Miss Gautier closed the school, and on Monday following a new teacher took up the school, and taught the unexpired two months. She was paid for the five months she taught, and held herself ready to teach the remainder of the term, and was unable to procure other employment in the meantime. She sued this school district in the probate court of Grant county for the sum of $70, the wages for two months as fixed by her contract. The school district appeared, and filed a demurrer to the petition. The probate court sustained the demurrer, and the plaintiff, refusing to amend, the court rendered judgment dismissing the petition, and against the plaintiff for costs. From this

judgment she appealed to the district court of Grant county. The school district appeared in that court without objection, and re-submitted the demurrer to that court, and it was there overruled, and the school district given leave to answer. It filed its answer without objection, admitting the execution of the contract sued on, and that the teacher had been discharged, and alleging as a cause for her discharge that she "wholly failed to give satisfaction to a majority of the district board as provided in said agreement; that during said employment she wholly failed and neglected to maintain proper order, and properly govern the school by reason of her inability to teach, govern, control and conduct said school." The issues were closed, and the cause tried to a jury and a verdict rendered in favor of the plaintiff for the sum of $70.00.

The court overruled a motion for a new trial, and rendered a judgment in favor of plaintiff and against the school district for the sum of $70, and also ordered that an attorneys fee of $15 be taxed in favor of plaintiff's counsel, as part of the costs adjudged against the defendant. A motion was made to strike out this item of costs as an improper charge. The court overruled this motion, and the school district appeals to this court.

Opinion of the court by

BURFORD, C. J.: The defendant in error objects to the jurisdiction of the district court of Grant county for the reason that the appeal from the probate court was upon a question of law only, and should have been to this court, and not to the district court. We deem it unnecessary to discuss the question as to whether this appeal should have been

to the supreme or the district court.    It is a case in which the district court had jurisdiction of the subject-matter, and when it had the parties properly before it, the manner of their getting into court is not material.    The plaintiff went to the district court with her appeal; the defendant followed her into that court, and without objection to its jurisdiction, presented a demurrer to the petition, and after invoking the ruling of the court on the demurrer, filed an answer to the merits and went to trial to a jury.    No objection to the jurisdiction of the district court was ever made in that court, and it is now too late to raise the question in this court.    The defendant waived all question as to jurisdiction of its person, and voluntarily submitted itself to the jurisdiction of the district court.    If this question had been raised by special appearance and motion to dismiss the appeal in the district court, the result would have been different.

The next proposition presented is as to the effect of the last provision in the contract sued on.    Sec. 5799, Okla. stat. 1893, being sec. 6187, Wilson's Stat., provides:

"The district board in each district shall contract with and hire qualified teachers for and in the name of the district, which contract shall be in writing, and shall specify the wages per week or month as agreed upon by the parties, and such contract shall be filed in the district clerk's office, and, in conjunction with the county superintendent, may dismiss such teacher or teachers for incompetency, cruelty, negligence or immorality."

It is claimed that this statute limits the causes for removal to those embraced in the statute, and also the manner of removal.    If the school board has no power, and can exercise none, to remove a teacher except in conjunction with

the county superintendent, then the removal in this case was illegal and unauthorized.

This question is not without adjudication. This portion of our school laws seems to have been adopted from the state of Kansas, and section 5799 of our statute is a literal copy of sec. 80, art. 4, chap. 92, gen. sec. 6184, gen. statutes of Kansas, 1901 which has been the law in that state for a great many years. The effect of this statute upon contracts was before the Kansas supreme court in 1872, in the case of *School District v. Calvin,* 10 Kan. 283. The contract contained this clause: "The district board reserving the right to discharge the teacher at any time he fails to give satisfaction to said board." The teacher was discharged by the school board before the expiration of his contract, and brought suit to recover for residue. The district court held that the part of the contract which gave the school district board the right to discharge the teacher at any time he failed to give satisfaction, was void, and gave him judgment for the unpaid balance for the whole time. The school district appealed, and the supreme court, by Chief Justice Kingman, said, speaking of the statute quoted above:

"Under the last clause of this section the district board, in conjunction with the county superintendent, may dismiss the teacher for certain causes, no matter what the terms of the contract may be. So far it is a new feature in the law intended as a remedy for any improvidence on the part of the board in making a contract. It would be a public calamity if a teacher employed for a year should prove negligent or immoral, and there was no way to rid the district of such a teacher. It was wise in such a case to make provision by law for his discharge, and it was thought wise to connect the county superintendent with the board in any

such action. If all the contracts were made as the one in this case is made, there would be no necessity for such enactment. The law was made for the benefit of the district. It does not prevent the board from making any other contract with the teacher. In this case they have made one which is not prohibited either by law or public policy. No one doubts that a contract hiring a teacher might be abrogated by mutual consent. So they may stipulate in advance, as in this case, what shall put an end to the contract. That contingency arose, and the board, with the previous consent of the teacher, put an end to the contract. There seems to be no doubt but what that part of the contract was valid."

The same question was again before the Kansas supreme court in the case of *Armstrong v. School District*, 28 Kan. 345. The contract contained this provision: "And provided further, that if by the inability or neglect of the said Armstrong the interests of the school shall suffer, the district board shall have full power to annul this contract after one month's written notice." The court, speaking by Mr. Justice Valentine, said:

"The object of the statute was simply to provide that the school district should not so bind itself by contract that a school teacher could not be discharged at any time by the school board, acting in conjunction with the county superintendent, for incompetency, cruelty, negligence or immorality, and it was not intended to prohibit the school board from making other provisions for the dismissal or discharge of an incompetent, cruel, negligent or immoral teacher. The object of the statute was simply to furnish additional protection and safeguards to the efficiency and best interests of the public schools of the state, and it was not intended to take away any of the power of the school district boards to make contracts which might also be for the protection of the best interests of the public schools."

These conclusions, whether binding on us or not, seem supported by reason and experience, and we think are applicable to the case under consideration. (See also *Brown v. School District* 41, 40 Pac. 826.) If the school board may then make a contract authorizing them to discharge a teacher for incompetency or other good cause, how is this power to be exercised? Certainly not arbitrarily, and for mere personal reasons. There must exist a substantial cause, and the school board must take some definite and affirmative action to ascertain the truth. It will not be enough to accept vague rumors and neighborhood gossip emanating from dissatisfied pupils. It is the duty of the school board to visit the school, examine into the conduct and management of the school, and after an impartial and considerate investigation, if they find that the teacher is not coming up to the requirements of the contract, then they may safely discharge the teacher when the contract so provides. But their action is not conclusive; they do not act judicially, and cannot, and the jury must be the final arbiter of the existence of the grounds for removal. We approve the doctrine enunciated by the Kansas court in the *Armstrong* case, *supra,* as follows:

"As to the mode of procedure by the school board in coming to a determination whether it would discharge the plaintiff or not under the contract, we think it had almost unlimited discretion. Neither the contract nor the statute provides what the mode of procedure should be in such cases. Of course, the decision of the school board against the plaintiff is not final. If the plaintiff had been a competent teacher, and not negligent in the performance of her duties, and if for that reason the dismissal had been unauthorized by the contract between the parties, then the school district would have been liable, and the plaintiff might have recovered for

the full term for which she was employed. The facts whether the plaintiff was competent or not, and whether she was negligent or not, and whether the interests of the school district suffered or not from her incompetency and negligence, were questions of fact, to be tried by the trial court in the trial of the case."

In the case under consideration, the question of the competency of the teacher, Miss Gautier, and of her conduct and management of the school and treatment of the pupils was fully inquired into on the trial of the cause. Much of the evidence was of an uncertain and indefinite character; the school board seemed to have acted entirely upon complaints of patrons and pupils. They made no effort to ascertain actual conditions, or to aid the teacher in her efforts to govern the school. The complaining patrons did not visit the school, and no one ever informed the teacher that her conduct of the school was not entirely satisfactory. Had complaining parties made their objections known to the teacher, they might have been remedied. In many cases it is patrons or pupils who are at fault, and not the teacher. All the facts were before the jury and were fully considered; the instructions are not in the record, and in their absence this court will presume that the trial judge fully and correctly instructed the jury upon every question of law in the case, and with all the facts and the law properly stated, the jury found against the school board. There is no ground upon which we can disturb the verdict; there is evidence sufficient to support a verdict either way, and where there is any evidence reasonably tending to support the verdict, this court will not set it aside.

It is finally contended that the court erred in overruling the plaintiff's motion to retax costs. This case originated in

the probate court, and is a case within the jurisdiction of a justice of the peace. The district court allowed plaintiff's attorney $15 as attorney's fees, and taxed this sum as costs. The motion to retax costs calls in question the correctness of this ruling.

Sec. 1, chap. 51, session laws 1895, p. 268, Wilson's Stat., sec. 6915, is as follows:

"In all cases within the jurisdiction of a justice of the peace, where any action is brought by any laborer of any kind, clerk, servant, nurse or other person for compensation claimed due for personal services performed, if a recovery be had in such action, the plaintiff shall in addition to the amount due, be entitled to recover as part of the costs, a judgment against the defendant for an attorney's fee or not less than two dollars and fifty cents, and not more than fifteen dollars, to be fixed by the court, for the use and benefit of plaintiff's attorney, together with costs."

It was under this provision that the trial court taxed an attorney's fee of $15 in favor of plaintiff's attorney. We think this was error. This statute is specific as to what classes of persons are entitled to its benefits, and courts cannot by implication extend it to embrace others not within its meaning. The statute is intended to favor laborers, servants, clerks, nurses and others who perform manual labor or menial service. It does not include professional services, mental labors or contractors. School teaching is a profession dependent upon mental, moral and educational qualities, and a school teacher is neither a laboror, clerk, servant, nurse or other person within the meaning of this statute. The court erred in overruling the motion to retax costs.

We are advised that a remittitur has been entered of the $15.00 complained of, and there is filed in this court a re-

mittitur of said sum. If this had been done before appeal, it would have saved the defendant in error from liability for costs in this court. But the action in entering the remittitur is in effect a confession of the alleged error, and entitled the plaintiff in error to recover costs accordingly. It is in effect a reversal of the judgment to that effect.

The judgment of the district court is affirmed. Each party to pay half the costs in this court.

Gillette, J., absent; all the other Justices concurring.