## ROBERTS v. WILKINS *et al.*

No. 3072. Opinion Filed November 18, 1913.

(137 Pac. 111.)

1. **REPLEVIN—Dismissal by Plaintiff—Rights of Defendant.** Under Rev. Laws 1910, secs. 4806, 4807, where a plaintiff in replevin took the property under the writ, sold the same, and dismissed his suit, defendant is entitled to have his right of property and the right of possession inquired into and determined by the court, notwithstanding such dismissal, and in such proceeding, should the right of property and of possession be found in his favor, he is entitled to judgment for its value together with his damages for the wrongful detention of the property.

2. **APPEAL AND ERROR—Admission of Evidence—Objections Below.** Where, in such a case, the usable value of the property was the defendant's measure of damages for its wrongful detention, which she failed to prove, but, without objection, proved that by reason of the wrongful detention she was damaged by being prevented from making a crop, in a sum certain, held, that a verdict in her favor will not be disturbed.

3. **SAME—Harmless Error—Instructions.** Where it appears that, although an instruction is erroneous, the jury was not misled thereby, the judgment will not be disturbed.

(Syllabus by the Court.)

*Error from County Court, Jefferson County;*
*G. M. Bond, Judge.*

Action by Isaac Roberts against Mrs. W. J. Wilkins and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Bridges & Vertrees,* for plaintiff in error.

*Jones & Green,* for defendants in error.

TURNER, J.   On May 24, 1909, plaintiff in error sued defendants in error, "Mrs. W. J. Wilkins" and S. J. Wilkins, a minor, in replevin, and there was turned over to him under the writ three head of horses and a wagon of the alleged total value of $225, which he afterwards sold.   Thereafter both defendants filed separate answers, but later S. J. (who appeared for himself and not by guardian or next friend) withdrew his answer and demurred.   After his demurrer was overruled, plaintiff dismissed the cause as to both defendants, whereupon Mrs. Wilkins asked for a trial on her "counterclaim," and S. J. passed out of the case.   At the same time plaintiff asked that the cause be continued, but the court proceeded to trial to a jury over his objection and exception.   There was a verdict and judgment for Mrs. Wilkins for $150, and plaintiff brings the case here.   It seems that the property in controversy was included in two certain chattel mortgages theretofore executed and delivered by W. J. Wilkins and S. J. Wilkins to the plaintiff; that, after condition broken, plaintiff by this action sought possession of the mortgaged property, but, before suit, W. J. Wilkins died, leaving "Mrs. W. J. Wilkins," his widow, and S. J., his minor son, who was the owner of one of the mortgaged horses which was taken under the writ.

There is no merit in the contention that the court erred in excluding testimony that after the death of the father, S. J. turned the property over to plaintiff but thereafter regained possession and refused to surrender it to plaintiff on demand.

Neither is there merit in the contention that the cause was not at issue and hence did not stand for trial.   For whether at issue or not, or whether her pleading was an answer or a "cross-bill," the court was right, plaintiff having failed to prosecute his action to final judgment, in proceeding to trial as indicated by the section of the statute hereinafter set forth.   Her answer, among other things, contained an allegation that by reason of the wrongful seizure of the property under the writ she had been prevented from making a crop, to her damage $300. While it seems that she was only entitled to recover the usable value of the property wrongfully taken from her under the writ

(*Thomas v. First Nat. Bank,* 32 Okla. 115, 121 Pac. 272), and that the alleged damage was too remote to be recovered, if objected to on that ground, either by answer or "cross-bill," the court proceeded to trial and to inquire into the right of property and her right to the possession and, without objection, to hear evidence in support of her allegation of damage only; no evidence being offered as to usable value.

Rev. Laws 1910, reads:

"Sec. 4806. If the property has been delivered to the plaintiff, and judgment rendered against him, on demurrer, or if he otherwise fails to prosecute his action to final judgment, the court shall, on application of the defendant or his attorney, proceed to inquire into the right of property, and right of possession of the defendant to the property taken.

"Sec. 4807. * * * If the property has been delivered to the plaintiff, and defendant claims a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

But plaintiff cannot complain of this for the reason that the evidence in support of this allegation was introduced without objection, and hence no error can be predicated upon it.

Whether the court erred in leaving it to the jury to say whether or not the writ was wrongfully sued out, we need not say, for the reason that the jury found it was, and correctly we think. Neither was there material error in that part of the charge which told the jury that if they believed that plaintiff had no ground upon which to base his action, and that the property was and should have remained the property of the defendants S. J. and Mrs. W. J. Wilkins, then it was their duty to find for the defendants "for the amount that you may find that they had been damaged by the taking of the property, under the evidence in this case and the instructions of the court herein." This for the reason that the jury knew that Mrs. Wilkins only was seeking relief in damages and that S. J. and the horse he claimed had passed out of the case. With this knowledge it is clear the jury disregarded that part of the charge concerning any damage that might have accrued to S. J., for in their verdict they find for her alone, and assess her damage at $150.

As substantial justice has been done, the judgment is affirmed.

HAYES, C. J., and KANE and LOOFBOURROW, JJ., concur; WILLIAMS, J., absent, and not participating.