[*Civil No. 1352.* Filed January 22, 1914.]

[138 Pac. 13.]

IRENE TAYLOR, Appellant, v. SCHOOL DISTRICT No. 1 OF YUMA COUNTY, STATE OF ARIZONA, Appellee.

1. SCHOOLS AND SCHOOL DISTRICTS—EMPLOYMENT CONTRACT—TERMINA-TION—AUTHORITY OF BOARD.—A provision in a school teacher's contract that she should be retained, provided that her services were satisfactory, and should be given thirty days' notice should cause arise for terminating the contract before its expiration, did not authorize the school board arbitrarily to dispense with the teacher's services, and find that they were unsatisfactory, without giving her an opportunity to be heard and make her defense to the charges before the courts.

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—WRONGFUL DISCHARGE —DEMANDS—PRESENTATION TO DISTRICT BOARD.—Where a school teacher claimed she had been wrongfully discharged, it was not a condition precedent to a right to sue that she should present her demand against the district to the board of trustees for allowance or rejection.

[As to right of teacher to compensation as dependent on validity of contract or appointment, see note in Ann. Cas. 1913C, 372.]

APPEAL from a judgment of the Superior Court of the County of Yuma. Frank Baxter, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. Thos. D. Molloy, for Appellant.

Mr. Fred L. Ingraham, for Appellee.

PER CURIAM.—The appellant instituted action against appellee for damages for breach of contract of employment as teacher. Appellee demurred to the complaint, alleging: (1) That it failed to state facts sufficient to constitute a cause of action; (2) that it failed to allege the presentation of demand to the board of trustees for audit, allowance or rejection, before bringing action. The demurrer was sus-

tained, and judgment was entered for appellee.   Hence this appeal.

The contract was for eight months' service as teacher at $85 per month, and contained this stipulation: ''And in case she desires to resign before the expiration of this contract she will give at least thirty days' notice of such intention, and the party of the second part agrees to retain the party of the first part in the above position, at the salary stated, provided that her services are satisfactory, and to give her thirty days' notice should cause arise for terminating this contract before its expiration.''

Under the general demurrer it is argued by appellee that the contract itself authorized the board of trustees to discharge the appellant of its own motion, upon her services becoming unsatisfactory to the board.   It amounts to the assertion that one of the parties to the contract is vested by its terms with the power finally to decide and determine the rights, obligations and duties of both contracting parties. It may be conceded that the board of trustees has the power to discharge a teacher when its dissatisfaction is well founded, as for incompetency, immorality or general unfitness by reason of temperament, indiscreet or unbecoming conduct, and many other causes, but before she shall be finally condemned and disgraced by such discharge, she is entitled to be heard and make her defense before the courts of the land. As was said in *School District No. 94* v. *Gautier,* 13 Okl. 194, 202, 73 Pac. 954, 956: ''If the school board may then make a contract authorizing them to discharge a teacher for incompetency or other good cause, how is the power to be exercised?   Certainly not arbitrarily, and for mere personal reasons.   There must exist a substantial cause, and the school board must take some definite and affirmative action to ascertain the truth.   It will not be enough to accept vague rumors and neighborhood gossip emanating from dissatisfied pupils.   It is the duty of the school board to visit the school, examine into the conduct and management of the school, and after an impartial and considerate investigation, if they find that the teacher is not coming up to the requirements of the contract, then they may safely discharge the teacher, when the contract so provides.   But their action is not conclusive; they do not act judicially, and cannot, and the jury must

be the final arbiter of the existence of the grounds for removal.'' The complaint was good as against the general demurrer.

Nor do we think, under the law, it was necessary for the appellant first to present her demand against the school district to the board of trustees for allowance or rejection before bringing her suit. Where the law makes it a part of the procedure that a creditor shall first present to a proper auditing body of a municipal or *quasi*-municipal corporation his claim for allowance or rejection, before resorting to the courts to enforce his demand, he must pursue that course. That is too well settled to need citations. The converse of the proposition is also as well settled. When such corporations are authorized to make contracts, sue and be sued, and the law fails to require the presentation of the claim to an auditing body before bringing suit, upon the arising of a cause of action resort may be had directly to the courts. ''As a condition precedent to the right to sue a municipality, it is usually provided by statute that notice, demand or presentation of the claim must precede an action thereon; but such presentation and notice is not a condition precedent where not required by statutory or charter provisions.'' 28 Cyc. 1757.

There is an entire absence of any requirement by statute that the appellant should file her demand with the board of trustees as a condition precedent to her bringing suit, and, that being so, the demurrer should have been overruled.

The judgment is reversed and cause remanded.