## STATE NAT. BANK OF OKLAHOMA CITY v. WOOD.

No. 3338.   Opinion Filed April 14, 1914.

Rehearing Denied August 25, 1914.

(142 Pac. 1002.)

1.   **APPEAL AND ERROR—Justices of the Peace—Appellate Jurisdiction—Waiver.** In a case where the superior court has original jurisdiction of the subject-matter, and the case comes into said court improperly by appeal, and both parties appear, file pleadings, and go to trial without objections, the question of jurisdiction as to the manner of getting into court is waived, and such objection will not be heard for the first time in the Supreme Court.

2.   **SAME—Prejudicial Error—Admission of Incompetent Evidence.** Admission of incompetent evidence over objections, although in a case tried to the court, where the competent evidence shown in the record is insufficient to support either a finding by the court or the verdict of the jury, held to be insufficient to support a judgment.

3.    **CARRIERS**—Transfer of Bill of Lading—Title to Goods. Where a bill of lading in favor of the assignor is by him indorsed to the bank with draft attached and the draft paid to the assignor by the bank, held, that such a transaction had the effect to transfer the legal title of the property called for in the bill to the bank.

(Syllabus by the Court.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by the State National Bank of Oklahoma City against C. B. Wood. Judgment for plaintiff before justice, and for defendant on appeal to the superior court, and plaintiff brings error. Reversed and remanded.

This was a replevin suit instituted before a justice of the peace in Custer county by the plaintiff in error, plaintiff below, against C. B. Wood, as constable, defendant in error, defendant below, plaintiff seeking to recover a car load of coal of the value of $160.20. Application was made by the defendant for a continuance of fifteen days, which was denied by the justice, and, the defendant failing to proceed further, the plaintiff introduced its testimony and judgment was rendered for the full amount. Proceedings in error by the defendant were prosecuted to the superior court of said county, and the judgment of the justice of the peace reversed and a new trial ordered. Upon a second trial, judgment was again rendered in favor of the plaintiff for the full amount, and an appeal by the defendant was thereafter prosecuted to the superior court. The cause was tried to the court *de novo,* without the intervention of a jury, and judgment rendered in favor of the defendant. The cause was brought to this court upon petition in error.

The undisputed record shows that the Great Western Coal & Coke Company shipped to J. D. Chalfant Grain Company, at Clinton, Okla., a car of coal and secured a bill of lading, which was transferred to the plaintiff bank attached to a certain draft drawn on J. D. Chalfant Grain Company, Clinton, Okla., in the sum of $160.20; that the assignor of said bill of lading was given credit in the plaintiff bank for the amount of said draft; that said draft was not paid by the drawee, and the record incidentally

shows that the defendant in error, as constable, held said coal under some process issued by a justice of the peace in some proceeding which the said J. D. Chalfant Grain Company had instituted against the Great Western Coal & Coke Company, but the exact manner or capacity in which the defendant held said coal is not shown. The substance of the testimony in behalf of the defendant is as follows:

The defendant introduced in evidence invoice to the car of coal in question made by the Oklahoma Western Coal Company against J. D. Chalfant Grain Company, amounting to $160.20. This invoice is shown at page 51 of the record.

J. D. Chalfant, witness, testified that the Oklahoma Western Coal Company was indebted to him (Record, 47-51). On cross-examination witness testified that he had obtained judgment in the justice of the peace court against the Oklahoma Western Coal Company (Record, 52).

The defendant next produced H. L. Quiett, who testified that he had been engaged in the banking business at Clinton for eight years, and that he was cashier of the bank. The witness was asked the following questions:

"Q. This is a case, as you have heard, between the State National Bank of Oklahoma City and C. B. Wood, constable, whereby they are claiming a car load of coal by virtue of having a draft with bill of lading attached. State to the court from your experience as a banker. * * * I will ask you a hypothetical question to present it to you, like this: If a man at Clinton, say Mr. Chalfant, should ship a car load of grain or coal to a man at Oklahoma City, and then he came into your bank and drew on him through your bank and the bank at Oklahoma City, and attached a bill of lading to the draft, would you as a banker, from your experience, consider yourself as the owner of that coal? (Objected to as incompetent, irrelevant, and immaterial and having nothing whatever to do with the issues in this case, calling for what the witness considers. Objection overruled. Exceptions.) A. Your question is whether the bank would be considered the owner or the collecting agent? Q. Yes. A. We wouldn't be considered the owner of the coal. We would handle it as the collecting agent." (Record, 54, 55.)

The defendant next introduced witness Charles W. Brewer, who was asked a similar hypothetical question, and same objec-

tions were made, which were overruled by the court. The witness answered the question as follows:

"A. It depends somewhat on the conditions. These items are usually handled by the bank as collecting agent. That item would be handled by the bank, and if the bank failed to realize on it the amount would be charged back to his account." (Record, 58, 59).

Plaintiff demurred to the evidence of the defendant, which was overruled and exceptions allowed. Judgment was thereupon rendered for the defendant, and the plaintiff has filed its petition in error in this court with the original case-made, and relies upon the following assignments of error:

"First. The trial court erred in overruling the plaintiff's demurrer to the defendant's evidence, which demurrer was interposed by the said plaintiff when the said defendant had rested his case, to which order and ruling of the court the plaintiff in error at the time then and there excepted and still excepts.

"Second. The trial court erred in refusing to render judgment in favor of the plaintiff and against the defendant.

"Third. The trial court erred in its ruling and finding that the plaintiff is not entitled to possession of the car of coal sued for and was not entitled to possession of it at the beginning of said suit.

"Fourth. The trial court erred in overruling motion for new trial filed by the plaintiff, to which order and ruling of the court the plaintiff at the time then and there excepted and still excepts.

"Fifth. The trial court erred in rendering any judgment in said cause for the reason said court had no jurisdiction in the subject-matter, and no jurisdiction to render any judgment in said cause.

"Sixth. The trial court erred in admitting incompetent, irrelevant, and immaterial testimony offered by the defendant over the objection of the plaintiff, to which order and ruling of the court the plaintiff then and there excepted and still excepts."

*Wilson & Tomerlin* and *A. E. Darnell,* for plaintiff in error.

*Chas. T. Randolph,* for defendant in error.

RUSSELL, J. (after stating the facts as above). It is the contention of plaintiff in error that three points are raised under the various assignments: (1) The jurisdiction of the superior

court to entertain an appeal direct from the justice of the peace; (2) the admission of incompetent, irrelevant, and immaterial testimony over the objection of the plaintiff; and (3) the right of possession in and title to merchandise by the bank by virtue of a bill of lading which had been indorsed with sight draft attached, delivered to, and cashed by said bank.

It is the contention of the defendant in error: (1) That the superior court had jurisdiction on appeal from a justice of the peace court; (2) that the case-made fails to contain a recital that it contains all the evidence introduced in the trial court; (3) that the bill of particulars was totally defective and conferred no jurisdiction upon the justice of the peace; (4) that if the testimony complained of was incompetent, yet inasmuch as the case was tried before the court, without the intervention of a jury, if there is any evidence sustaining the finding of the court, it will be presumed that the court only considered legal testimony; (5) that the plaintiff did not become the owner of the coal in question, but handled the draft with bill of lading attached as an item of collection; (6) that if the plaintiff, in fact, became the owner of the coal, he stepped into the shoes of the Oklahoma Western Coal Company and would be liable in the same manner as the coal company for any breach of the original contract of sale; (7) that if the plaintiff became the absolute owner of the coal in question, the transaction is *ultra vires* and the plaintiff has no standing in court; and (8) that the plaintiff, as a matter of fact, failed to prove that it was the owner of the coal in question.

We are of the opinion that the superior court had jurisdiction on appeal from a justice of the peace court to try said cause *de novo*. The plaintiff has filed a supplemental brief herein, however, admitting that an appeal would lie from the justice of the peace court to the superior court of Custer county, but makes the contention that a writ of error from the justice of the peace court to the superior court was not the remedy, being contrary to section 14, art. 7, of the Constitution of the state; and therefore all such proceedings were null and void, and that the original judgment rendered by the justice of the peace is still in force

and effect. On this proposition we think it sufficient to say that, after the cause was remanded from the superior court to the justice of the peace court, both parties appeared and proceeded to retry the case, without objection, the first trial resulting in a jury disagreeing; the case was again set down for trial, and both parties appeared without objection, and trial was had and judgment rendered in favor of the plaintiff; the cause was again appealed to the superior court, and both parties appeared in the superior court, and, without .objection, went into the trial of the case on the merits. The superior court having jurisdiction over the subject-matter, and both parties appearing and going into trial without objection, we think neither should be heard to urge the objection in this court. In *School Dist. No. 94 v. Gautier,* 13 Okla. 194, 73 Pac. 954, Chief Justice Burford held that:

"In a case where the district court has original jurisdiction of the subject-matter, and the case comes into said court improperly by appeal, and both parties appear, file pleadings, and go to trial without objections, the question of jurisdiction as to the manner of getting into court is waived, and such objection will not be heard for the first time in the Supreme Court."

On the second proposition raised, we are of the opinion that the testimony (*supra*) admitted over the objection of plaintiff was incompetent, and, inasmuch as there was no other testimony in the record tending to sustain the judgment of the trial court, we cannot assume that the court did not consider the incompetent testimony in reaching the conclusion resulting in the judgment rendered herein. The admission of said testimony was prejudicial error. From the undisputed testimony shown in the record on behalf of plaintiff, the trial court should have rendered judgment for the plaintiff. We are of the opinion that the transfer of a bill of lading for the coal in question to the plaintiff bank and the giving of credit to the consignor for the full amount of the purchase price of said coal as represented by the draft drawn and attached to the bill of lading had the effect to transfer legal title of the property to the plaintiff bank. *Halsey v. Warden,* 25 Kan. 128.

In the case of *American Trust & Savings Bank v. Austin,* 25 Misc. Rep. 454, 55 N. Y. Supp. 561, it was stated:

"A bank receiving a bill of lading from its customer, and discounting a draft by him on the consignee, may enforce its claim against the goods, as against an attaching creditor of the customer, where the consignee refused to honor the draft or receive the goods, though it customarily charged the amount of unpaid drafts back to its customers."

Section 829, Rev. Laws 1910, provides:

"All the title to the freight which the first holder of the bill of lading had when he received it passed to every subsequent indorsee thereof, in good faith and for value, in the ordinary course of business, with like effect and in like manner as in the case of a bill of exchange."

Section 830, Rev. Laws 1910, provides:

"When a bill of lading is made to bearer, or in equivalent terms, a simple transfer thereof by delivery conveys the same title as an indorsement."

While we have carefully considered the contention made by defendant in error and carefully read counsel's brief in support thereof, yet, to a proper determination of the case here on the record, we deem it unnecessary to further discuss the points raised therein.

The judgment of the trial court is reversed, and the court is directed to proceed in said matter in accordance with this opinion.

All the Justices concur.