## CASNER v. STREIT.

No. 3096.   Opinion Filed May 12, 1914.

On Rehearing August 25, 1914.

(142 Pac. 1004.)

1. APPEAL AND ERROR—Review—Insufficient Record—"Record Proper." Where a case-made does not show that it contains all the evidence, only errors urged which appear from an examination of the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, and judgments, constituting the "record proper," and which do not require an examination of the evidence, can be determined in the Supreme Court.

2. JUSTICES OF THE PEACE—Appeal—Jurisdiction—Interpleader. A county court, under section 12, art. 7 (section 197, Williams' Ann. Ed.), Constitution of Oklahoma, had jurisdiction, in a case appealed to it from a justice of the peace, to try and render judgment upon an interpleader's claim, made in the county court, for property taken in attachment pending in favor of plaintiff at the time of the judgment in the justice's court from which the appeal was taken and for damages for its detention, where there was no objection to such interplea nor question raised as to such jurisdiction until the case came to the Supreme Court, and the cause of action between the original parties was within both the original and the appellate jurisdiction of the county court, and the cause of action upon the interplea was within the original jurisdiction of the same, notwithstanding plaintiff's bond for such appeal merely recited that the judgment from which he appealed was in his favor for less than the full amount of his claim, and the record does not disclose any final order or judgment in the justice's court in respect to the attached property.

3. APPEAL AND ERROR—Review—Interpleader. Where the interplea against the attaching plaintiff prays for the possession of the attached personal property or, if that cannot be had, for its value, with damages for its detention, but alleges that said property was delivered to the plaintiff and converted to his own use by him, "a large part thereof being lost, destroyed, or damaged," and where it does not appear that the case-made contains all the evidence, a verdict and judgment for such property or, if that cannot be had, for its value, with damages for its detention (in accord with section 4063, St. Okla. 1893; section 4807, Rev. Laws 1910), instead of for the detriment for the wrongful conversion of the property (in accord with section 2642, St. Okla. 1890; section 2875, Rev. Laws 1910), cannot be said to be erroneous.

On Rehearing.

4. **APPEAL AND ERROR**—Review—Certificate of Judge. Under the Adopting Act of March 3, 1911 (Sess. Laws 1910-11, c. 39), section 5248, Rev. Laws 1910, which became effective May 10, 1913, does not apply to the certificate of a trial judge to a case-made dated August 8, 1911, and filed in the Supreme Court on September 29, 1911.

(Syllabus by Thacker, C.)

*Error from County Court, Hughes County;*
*W. P. Gardner, Judge.*

Action by Sallie A. Streit, as interpleader, against F. W. Casner, as plaintiff, in a case appealed from the justice of the peace for possession of the property or its value. Judgment for interpleader, and plaintiff brings error. Affirmed.

*E. G. Wilson* and *L. A. Hardin,* for plaintiff in error.

*Warren & Miller,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error was plaintiff below and commenced action before a justice of the peace against Barry Turner, defendant below, to recover $35 as rent on a portion of a building in the city of Holdenville, and $25 additional as damages to such building. Soon after commencement of suit, plaintiff caused 33 pair of roller skates, appraised at $23.45, a skating rink floor appraised at $30, and chairs and benches appraised at $2, to be taken in attachment as the property of defendant. From a judgment in the justice court plaintiff appealed to the county court, giving a bond containing a recital that plaintiff "obtained judgment against the above-named defendant * * * for the sum of only thirty dollars, but not for full amt. of claim, and costs of suit, taxed at $——, and said plaintiff herein intends to appeal from such judgment to the county court of said county"; but no reference was made to the attachment. The entry of judgment in the justice court is not before us, and the record does not disclose the disposition, if any, made of the attached property in the justice court. In the county court the defendant in error was allowed to interplead, upon a

plea in which she alleges ownership, right, and demand and refusal of possession, and that the attached property, worth $220 and having a usable value of $25 per month, was delivered to plaintiff and by him converted to his own use, "a large part thereof being lost, destroyed, or damaged," with prayer for judgment for possession of said property or, if that cannot be had, for its said value, also for said "usable value." As to right to interplead, see St. Okla. 1893, sec. 3918; section 4701, Rev. Laws 1910, and cases there cited. The interpleader recovered verdict and judgment against plaintiff for the property valued at $156, or for its value if the property could not be had, and for $180 as damages for its detention.

There was not only no objection to the interplea, but no objection was made nor exception taken to the introduction of any evidence, to the giving or refusing to give any instruction to the jury, or to any other action of the trial court prior to the motion for new trial.

It is stated in brief for defendant in error and admitted in supplemental brief for plaintiff in error that the case-made does not show that it contains all the evidence and that no error based thereon can be considered. There has been no request for leave to amend the case-made in this respect, if in fact it does contain all the evidence; and, in this state of the record, we are unable to determine any error assigned except such, if any, as may appear upon an examination of the "record proper," consisting, as stated in *Tribal D. Co. v. White Bros.,* 28 Okla. 525, 114 Pac. 736, and in other cases, "of the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, and judgments."

It is urged by the plaintiff in error that the county court had no jurisdiction of the claim of the interpleader because the appeal bond does not show appeal in respect to the attachment (see *Becker v. Steele et al.,* 41 Kan. 173, 21 Pac. 169, and cases there cited); but, even if it should be conceded that the interplea was dependent upon the continued existence of the attachment and that this is a jurisdictional matter which could not be waived by the parties (and in respect to this see *School Dist. v.*

*Gautier,* 13 Okla. 194, 73 Pac. 594; *Groenmiller v. Kaub,* 67 Kan. 844, 73 Pac. 100; and 24 Cyc. 641, 643, 645, and 720-1), we cannot assume that the judgment in the justice court was adverse to plaintiff in respect to the attachment nor that the property had been discharged therefrom prior to such judgment; and, as the attachment proceedings would certainly go with plaintiff's appeal to the county court if not discharged in the justice court, the contention in this respect does not appear to rest upon any solid foundation.

However, it may be stated incidentally, that in 24 Cyc. 643, cited *supra,* it is said:

"The better view seems to be that, where the appellate court has original as well as appellate jurisdiction of the cause, the jurisdiction of both the subject-matter and the person may be conferred upon it by waiver or consent."

And the cases of *Groenmiller et al. v. Kaub, supra, State National Bank of Oklahoma v. C. B. Wood,* 43 Okla. ——, 142 Pac. 1002, and *School Dist. v. Gautier, supra,* would also appear to justify the statement that the county court had jurisdiction by reason of the tacit consent of the parties and consequent waiver of right to object to same; the county court at that time having both original and appellate jurisdiction of the cause brought to it by appeal and original jurisdiction of the cause injected by the interplea.

It is further urged in effect by plaintiff in error that the interpleader's action against plaintiff was for the conversion of said property and not to recover its possession; and that the measure of damage or detriment is the value of the property at the time of its conversion with interest thereon, etc. (*First Nat. Bank of Lawton v. Thompson,* 41 Okla. 88, 137 Pac. 668; section 2642, St. Okla. 1890; section 2875, Rev. Laws 1910), instead of its value with damages for its detention if a delivery cannot be had (section 4063, St. Okla. 1893; section 4807, Rev. Laws 1910).

The verdict of the jury was for the return of the property, valuing it at $156, and for damages for its detention $180. The only language used in the petition that would tend to characterize

the interplea as in the nature of an action for wrongful conversion is the allegation in the pleading, as hereinbefore quoted, to the effect that an unspecified portion of the property had been lost or destroyed; but, as recourse cannot be had to the evidence for information in this regard, for aught we can say, the lost and destroyed portion may have been inconsiderable, if there was any such, or the verdict and judgment may have been for the usable value of only such portion of the property as was properly the subject of an action for its possession. On the whole, it appears from the interplea and the verdict that the action was in the nature of one in replevin or detinue or, at least, was for the possession of specific property, with damages for detention; and in such case a verdict and judgment for the return of the property or, if a delivery cannot be had, for the value thereof, with damages for the detention, which was given in the present case, shows no error. *Roberts v. Wilkins et al.,* 40 Okla. 138, 137 Pac. 111.

Without a consideration of the evidence, from which we are precluded, we are unable to discover in the record proper any error in any respect for which the plaintiff in error contends; and, in our opinion, the judgment should be affirmed.

## ON REHEARING.

Our attention has been directed to section 5248, Rev. Laws 1910, which reads as follows:

"The certificate of the judge who settles and certifies the case-made shall be *prima facie* evidence of the facts therein recited, unless the case-made on its face shows affirmatively that such certificate is in some material respect incorrect, or the said certificate be proven incorrect by affidavits or other competent evidence introduced in the appellate court in connection with a motion to correct the record or case-made, under such rules and regulations as the court may prescribe."

The Revised Laws of 1910, in which section 5248, *supra,* appears as a new section, were adopted by a legislative act of March 3, 1911 (Sess. Laws 1910-11, c. 39, pp. 70, 71); and this adopting act contains, among other things, the following provision:

" * * * Provided, this act shall not be construed to repeal, or in any way affect * * * nor to affect any pending proceeding or any existing rights or remedies; * * * but all such * * * pending proceedings, and existing rights and remedies shall continue and exist in all respects as if this act had not been passed; provided, further, that this act shall not be construed to repeal any act of the Legislature enacted subsequent to the adjournment of the extraordinary session of the Legislature which convened in January, 1910.

"Sec. 3. This act shall take effect and be in force from and after the thirtieth day after the receipt, by the Secretary of State, of the supply of the Revised Laws of the State of Oklahoma, by this act adopted, in printed form, for the use of the state. Provided, that the Secretary of State shall first issue a proclamation published in some newspaper of general circulation, published at the state capital, fixing the date this act shall take effect."

The proclamation was published and the Revised Laws of 1910 accordingly became effective on May 10, 1913.

This action was begun in a justice court in 1908, was filed in the county court on appeal on June 26, 1909, was tried in the county court in April, 1910, case-made was certified August 8, 1911, and case was brought into the Supreme Court on September 29, 1911. It will thus be seen that section 5248, *supra,* is inapplicable to the "proceedings, and existing rights and remedies" in the present case.

For the reasons stated, the petition for rehearing should be denied, and there should be adherence to our original opinion.

By the Court: It is so ordered.