**HAGGERTY et al. v. TERWILLIGER et al.**

No. 8423—Opinion Filed Dec. 11, 1917.

Rehearing Denied Jan. 16, 1918.

(169 Pac. 872.)

(Syllabus.)

1. **Judgment—Vacation—Mistake of Law—Insufficiency of Petition.**

Where in a court having jurisdiction of the subject-matter, upon trial of a cause upon issues of fact joined, and at which defendant was represented by counsel, a judgment within the issues was rendered for plaintiff, the same is not void on account of an amendable defect or insufficiency of the petition, or because based upon a mistake of law, and such judgment will not be vacated for such reasons on petition filed or motion made by defendant after the term.

2. **Appeal and Error—Assignments of Error—Consideration of Evidence.**

Assignments of error requiring an examination and consideration of the evidence will not be reviewed by this court, unless all the evidence relating thereto is preserved and brought up by case-made or otherwise.

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Action by J. L. Terwilliger against Sol Haggerty, Martha Haggerty, and others. Judgment for plaintiff with a foreclosure of a mortgage lien against defendants Haggerty, and from the denial of their petition to vacate the judgment and for a new trial, they bring error. Affirmed.

Wallace & Stephens and A. W. Whitfield, for plaintiffs in error.

E. H. Moore, E. T. Noble, and Geo. C. Beidleman, for defendants in error.

MILEY, J. On June 10, 1915, a final judgment was rendered in the district court of Okmulgee county, Okla., in an action therein pending wherein J. L. Terwilliger was plaintiff and Sol Haggerty, Martha Haggerty, J. H. Nance, and Geo. C. Beidleman were defendants, adjudging and decreeing, among other things, that J. L. Terwilliger was the owner of an undivided one-half interest, and the defendants Sol Haggerty and Martha Haggerty of an undivided one-fourth interest each, in a certain tract of land situated in Okmulgee county, which had been allotted to Thomas Haggerty as a citizen of the Creek Nation or Tribe of Indians, and establishing and foreclosing a lien on the interest of the said Sol and Martha Haggerty in favor of J. L. Terwilliger for the amount of taxes paid by him on the land, and establishing and foreclosing a mortgage lien on the interest of said Sol Haggerty in the land and in favor of the plaintiff, J. L. Terwilliger, and establishing and foreclosing a lien upon the entire premises in favor of Geo. C. Beidleman, and adjudging that J. H. Nance had no interest in or lien upon the said land.

After the adjournment of the term at which the said judgment was rendered, and upon the 26th day of July, 1915, the defendants in that action Sol Haggerty and Martha Haggerty filed a petition to vacate the said judgment on the ground of unavoidable casualty and misfortune, which prevented them from defending the action (subdivision 7, § 5267, Rev. Laws 1910), and also for a new trial upon the ground of newly discovered evidence (section 5037, Rev. Laws 1910). There was a trial in the court below upon the petition to vacate the judgment and for a new trial, and an order made thereon on the 31st day of December, 1915, denying same. From this order the said Sol Haggerty and Martha Haggerty have appealed to this court.

The errors assigned and briefed are as follows:

First. That the court below erred in denying the petition to vacate the judgment

for the reason that the petition in the original action did not state facts sufficient to constitute a cause of action, or to entitle the plaintiff to any relief, and said judgment was therefore void.

Second. That the court below erred in finding "that the defendants were not prevented by unavoidable casualty and misfortune from making proper defense in said action, but, on the contrary, were represented by competent counsel."

Third. Because the court erred in finding "that said defendants have not shown the proper diligence in procuring their testimony, and that it appeared that the evidence relied upon to obtain a new trial could have been procured by the use of proper diligence."

The petition alleged, among other things, in substance, that the land was allotted to Thomas Haggerty, a citizen of the Creek Tribe of Indians, enrolled upon the freedmen roll of said tribe, that he died intestate in the year 1910, and was at the time of his death seised of the said premises, and "left surviving him his wife, Ludie Haggerty, and his father, Sol Haggerty, and his mother, Martha Haggerty, and that upon his death the said Ludie Haggerty became seised by inheritance of an undivided one-half interest in and to said premises, and his father and mother, Sol and Martha Haggerty, each became seised of an undivided one-fourth interest therein," and that the plaintiff had by mesne conveyances, exhibited to the petition, become the owner of the undivided one-half interest so inherited by the said Ludie Haggerty.

The point sought to be made on the first assignment is that the petition did not allege that the said Ludie Haggerty, Sol Haggerty, and Martha Haggerty were citizens of the Creek Nation, or descendants of such citizens, or that there was no person of Creek citizenship to take the descent and distribution. It has been held since the date of the original judgment, and also that upon the petition to vacate, that the right to inherit is dependent on some one of the conditions named. Thompson v. Cornelius, 53 Okla. 85, 155 Pac. 602; Jefferson v. Cook, 53 Okla. 272, 155 Pac. 852.

Sol Haggerty and Martha Haggerty demurred to the petition in the court below upon the grounds, inter alia, that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled. Thereafter, the Haggertys answered, admitting all of the allegations in the petition with reference to the allotment of the land, the death of the allottee, and their relation to him, but denied that he was married to Ludie Haggerty, or that she became seized of any estate of inheritance in the premises. The Haggertys were represented by counsel at the trial, evidence was taken, and the judgment now attacked rendered thereon. They did not file motion for new trial or attempt to appeal from this judgment. If the omission to aver or prove that the alleged heirs of the allottee were Creek citizens, or descendants of such, or that there was no person of Creek citizenship to inherit, might have been cause for reversal of the judgment, which it is not necessary to decide, it does not follow that the judgment can now be vacated for that reason. The court had jurisdiction of the parties, of the subject-matter, and the particular questions decided. For aught that appears, the very point upon which the petition is now attacked may have been urged upon the demurrer or in the trial, and decided against the defendants below, and the court below may have been of the opinion that the question relating to the Creek citizenship of the next of kin was immaterial. If so, the judgment is no less conclusive because based upon such mistake of law. National Surety Co. et al. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136; Chivers v. Board of Commissioners, 62 Okla. 2, 161 Pac. 822, L. R. A. 1917B, 1296. Furthermore, for aught that even now appears, the alleged heirs may have all been Creek citizens or descendants of Creek citizens. If so, no more can be said against the petition than that it is defective or insufficient in a matter that was amendable, and the judgment rendered thereon would not be void for that reason. Kaufman v. Grow, 59 Okla. 193, 158 Pac. 300. For these and other reasons not necessary to mention, the attack on the judgment upon the ground mentioned cannot now be entertained.

The consideration of the other two assignments of error would involve an examination of all the evidence at the hearing of the petition to vacate the judgment and for a new trial. It appears from the certificate of the trial judge that the oral testimony given at that hearing by Sol Haggerty and Ephraim Colbert is not incorporated in the case-made, and is not otherwise brought before this court so that the same can be reviewed; hence we cannot consider these assignments of error. Casner v. Streit, 42 Okla. 710, 142 Pac. 1004; In re Colling's Guardianship, 40 Okla. 629, 140 Pac. 141; Waltham Piano Co. v. Wolcott, 38 Okla. 770, 135 Pac. 339; Arnold v. Moss, 27 Okla. 524, 112 Pac. 995.

Judgment of the court below is affirmed.
All the Justices concur.